# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

JOSEPH BUCKLEY as
ADMINISTRATOR OF THE
ESTATE OF ETHEL LEE BUCKLEY                              PLAINTIFF

v.                                              Civil No. 1:16-CV-378-HSO-JCG

CITRIN LAW FIRM, P.C.,
ELIZABETH A. CITRIN,
ANDREW T. CITRIN, and
SAMUEL McCLURKIN, IV                                    DEFENDANTS

## AMENDED MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS [28][37] FOR SUMMARY JUDGMENT

BEFORE THE COURT are the Motion [28] for Summary Judgment filed by Defendants Citrin Law Firm, P.C. ("CLF"), Andrew Citrin ("Mr. Citrin"), and Samuel McClurkin, IV ("Mr. McClurkin"), and the Motion [37] for Summary Judgment filed by Defendant Elizabeth Citrin ("Ms. Citrin"). These Motions are fully briefed. After due consideration of the record, the submissions on file, and relevant legal authority, the Court finds that the Motions [28][37] should be granted. This case will be dismissed with prejudice.

## I.    RELEVANT BACKGROUND

### A.    Defendants' Representation of Ethel Lee Buckley

Beginning in October 2006, CLF, Ms. Citrin, Mr. Citrin, and Mr. McClurkin (collectively, "Defendants") represented Ethel Lee Buckley ("Buckley") in a slip-and-fall case against Singing River Hospital in the Circuit Court of Jackson County, Mississippi. Sullivan's Aff. [41-2] at ¶ 5-6; Compl. [1-2] at 2-3. In that case, the trial court ultimately granted defendant Singing River Hospital's motion for

summary judgment on April 20, 2011, and dismissed the case.   Defs.' Mem. [29] at 1; Pl.'s Mem. [42] at 1.   The trial court's dismissal was based upon Defendants' failure to properly designate a medical expert to testify to duty, breach, causation, and damages.   Defs.' Mem. [29] at 1; Pl.'s Mem. [42] at 1.   Defendants filed an appeal on behalf of Buckley and the Mississippi Court of Appeals affirmed on October 2, 2012.   Sullivan's Aff. [41-2] at ¶ 5-6; Pl.'s Answers to Defs.' 1st Set of Req. for Admis. [28-1] at 1.   The court of appeals' opinion has been a matter of public record since that date.   Pl.'s Answers to Defs.' 1st Set of Req. for Admis. [28-1] at 1.

On November 1, 2012, Ms. Citrin called a meeting with Buckley.   Sullivan's Aff. [41-2] at ¶ 9; Buckley Letter to Gillis [37-1].   Ms. Citrin provided Buckley with a copy of the Mississippi Court of Appeals' opinion and advised her that Defendants could do nothing more to assist with her case.   Sullivan's Aff. [41-2] at ¶ 9; Buckley Letter to Gillis [37-1]; Pl.'s Answers to Defs.' 1st Set of Req. for Admis. [28-1] at 2. The next day, Buckley sent a letter to the Clerk of the Mississippi Court of Appeals, Kathy Gillis ("Gillis"), asserting that Buckley needed more time to find new lawyers to represent her in pursuing her claims against Singing River Hospital.   Buckley Letter to Gillis [37-1].   Buckley wrote that she is "trying as hard as I can to get my case heard before the courts," but in the "8 years since I fell on my job, I have never been seen or heard in front of any Court or any court hearing personally."   *Id.*

B.    Buckley's Legal Malpractice Claim

On November 30, 2012, Buckley met with attorney David Sullivan ("Sullivan") to discuss retaining him to represent her.    Sullivan's Aff. [41-2] at ¶ 5. Buckley informed Sullivan that Defendants previously represented her in her lawsuit against Singing River Hospital, *id.* at ¶ 6, and that the Mississippi Court of Appeals had affirmed the trial court's dismissal of her case on October 2, 2012, *id.* at ¶ 7-8.    Buckley advised Sullivan that she met with Ms. Citrin on November 1, 2012, that Ms. Citrin informed her of the Mississippi Court of Appeals decision, and that Ms. Citrin told Buckley that Defendants could do nothing further to assist with her case.    *Id.* at ¶ 9.

Buckley also told Sullivan of her letter to Gillis, but indicated that she had received no response to the letter.    *Id.* at ¶ 10.    Sullivan contacted Gillis, who informed Sullivan that the court of appeals had not received Buckley's letter.    *Id.* at ¶ 13.    On November 30, 2012, Buckley executed a contingency fee contract with Sullivan to represent her in a legal malpractice claim against Defendants.    *Id.* at ¶ 14; Contract for Employment [41-4].    That same day, Sullivan sent correspondence to Mr. Citrin, Mr. McClurkin, and CLF, advising of his representation of Buckley, requesting a copy of her file, and seeking a copy of Defendants' declarations page of their professional liability insurance policy.    Sullivan Letter to Mr. Citrin [37-3].

Gillis later contacted Sullivan, stating that she had received Buckley's letter, Sullivan's Aff. [41-2] at ¶ 16, and on December 11, 2012, the Mississippi Court of

Appeals entered an order treating Buckley's letter as a *pro se* request to file an out-of-time motion for rehearing and extension of time to find new counsel, Dec. 12, 2012 Miss. Court of Appeals Order [41-6].

On January 14, 2013, Mr. Citrin, on behalf of Defendants, filed a Motion to Withdraw as counsel for Buckley, noting that Sullivan represented Buckley. Mot. to Withdraw [41-7]. On January 22, 2013, the Mississippi Court of Appeals entered an order authorizing Buckley to file a motion for rehearing within fourteen days and granting the Motion to Withdraw filed by Mr. Citrin. Jan. 22, 2013 Miss. Court of Appeals Order [37-2].

On February 1, 2013, counsel for CLF, J. Wyatt Hazard ("Hazard"), sent a letter to Sullivan. Hazard Letter to Sullivan [41-12] at 1. Hazard stated that "[t]he purpose of this letter is to advise that Ms. Buckley has a duty to mitigate her damages and to pursue the appellate process." *Id.* at 2. Hazard took the position that "it is the duty of Ms. Buckley, and/or you, to timely file the Motion for Rehearing." *Id.* at 1. On February 5, 2013, Sullivan filed Buckley's Motion for Rehearing. Sullivan's Aff. [41-2] at ¶ 29. On October 15, 2013, the Mississippi Court of Appeals denied rehearing and affirmed the trial court's decision. Nov. 7, 2013 Miss. Court of Appeals Mandate [41-15].

Buckley passed away on March 28, 2015. Pl.'s Answers to Defs.'s 1st Set of Req. for Admis. [28-1] at 2. Joseph Buckley opened an estate proceeding on behalf of Ms. Buckley on August 28, 2015, and was later appointed administrator of the

estate.   Mot. [37] at 2.

C.     The Present Litigation

On August 17, 2016, Plaintiff Joseph Buckley, as administrator of the Estate of Ethel Lee Buckley ("Plaintiff"), filed a Complaint in the Circuit Court of Jackson County, Mississippi, against Defendants alleging legal malpractice.   Compl. [1-2]. CLF, Mr. Citrin, and Mr. McClurkin removed the case to this Court on October 17, 2016.   Not. of Removal [1].   On April 25, 2017, CLF, Mr. Citrin, and Mr. McClurkin filed a Motion [28] for Summary Judgment, contending that the three-year statute of limitations for malpractice actions bars Plaintiff's claims.   Defs.' Mem. [29] at 3.   Defendants argue that the statute of limitations began to run on November 1, 2012, when Buckley received of a copy of the Mississippi Court of Appeals' opinion, and that there was no requirement under Mississippi law that the underlying action be terminated prior to the statute of limitations commencing. *Id.*

On May 1, 2017, Ms. Citrin filed her own Motion [37] for Summary Judgment.   Ms. Citrin also takes the position that the statute of limitations bars Plaintiff's claims because the latest possible time for accrual of these claims was no later than November 30, 2012, when Sullivan sent a letter to Mr. Citrin advising of his representation and asking that Mr. Citrin provide information on CLF's liability insurance.   Def.'s Mem [38] at 4.   Ms. Citrin also asserts that there was no requirement in Mississippi that the underlying action be terminated prior to the

5

statute of limitations beginning to run.   *Id.* at 6.

On May 9, 2017, Plaintiff filed a Memorandum in Opposition [42] to CLF, Mr. Citrin, and Mr. McClurkin's Motion for Summary Judgment, and on May 15, 2017, Plaintiff filed a Memorandum in Opposition [45] to Ms. Citrin's Motion for Summary Judgment.   Plaintiff counters that the claims did not accrue until October 15, 2013, when the Mississippi Court of Appeals denied rehearing, because Buckley did not suffer any injury until that time.   Pl.'s Mem. [42] at 19-20; Pl.'s Mem. [45] at 17-18.   Plaintiff also argues that Defendants should be equitably estopped from invoking the statute of limitations because Hazard represented to Sullivan that Buckley must pursue the appellate process prior to filing suit against Defendants, and Sullivan relied on those representations to postpone the malpractice suit in order to appeal.   Pl.'s Mem. [42] at 26; Pl.'s Mem. [45] at 25-26.

In their Reply, CLF, Mr. Citrin, and Mr. McClurkin maintain that the law does not require full exhaustion of all appeals in order for a legal malpractice action to accrue, and that Plaintiff incurred damages when the trial court dismissed the case.   Reply [51] at 3-4.   Defendants argue that equitable estoppel does not bar their statute of limitations defense because Hazard made no representation as to when the cause of action would accrue, the letter relating to the mitigation of damages should have placed Plaintiff on notice that the cause of action already existed, and equitable estoppel cannot apply to a legal opinion.   *Id.* at 6-7.

Ms. Citrin maintains in her Reply that Hazard never represented her in any

of these matters, and thus there is no evidence that she made any representations that could have delayed the filing of Plaintiff's Complaint, and that proof an injury had occurred was not necessary for Plaintiff's legal malpractice action to accrue. Reply [52] at 3, 10.

## II.  DISCUSSION

### A.  Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

"A genuine dispute of material fact means that 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). If the evidence presented by the nonmovant "'is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Techs. USA, Inc. v. ENI U.S.*

7

*Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 249). In deciding whether summary judgment is appropriate, the Court views the evidence and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

B.    Analysis

1.    Statute of Limitations for Legal Malpractice in Mississippi

Because this case arises under the Court's diversity jurisdiction, Mississippi substantive law applies. *Cox v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 233 (5th Cir. 2014); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). "The three-year statute of limitations found in Mississippi Code Section 15–1–49 applies to actions for legal malpractice." *Bradley v. Jordan*, 182 So. 3d 439, 440 (Miss. 2016) (citing *Bennett v. Hill–Boren, P.C.,* 52 So. 3d 364, 369 (Miss. 2011)). Mississippi applies the "discovery rule for legal malpractice actions, holding that the statute of limitations would begin to run at the time the client discovered or through the use of reasonable diligence should have discovered his counsel's negligence." *Id.* at 440-41 (citing *Smith v. Sneed,* 638 So. 2d 1252, 1258 (Miss. 1994)). Plaintiff filed the Complaint in this case on August 17, 2016. Compl. [1-2]. Therefore, if Buckley discovered or by reasonable diligence should have discovered Defendants' negligence before August 17, 2013, the statute of limitations bars Plaintiff's claims.

2.    There Is No Genuine Dispute as to a Material Fact Regarding the Statute of Limitations.

It is undisputed that on October 2, 2012, the Mississippi Court of Appeals affirmed summary judgment in favor of Singing River Hospital, and that on November 1, 2012, Buckley received a copy of that opinion.   Sullivan's Aff. [41-2] at ¶ 9; Buckley Letter to Gillis [37-1]; Pl.'s Answers to Defs.' 1st Set of Req. for Admis. [28-1] at 2.   The court of appeals' opinion discusses at length the errors committed by Defendants, and affirms dismissal of the underlying action on the basis of those errors.   *See Buckley v. Singing River Hosp.*, 99 So. 3d 248 (Miss. Ct. App. 2012). There can be no genuine dispute that Buckley discovered or should have discovered Defendants' negligence on November 1, 2012.   Indeed, Plaintiff concedes that "the October 2, 2012 decision of the [Mississippi] Court of Appeals contained information concerning defendants' negligence."   Pl.'s Mem. [42] at 21.

Alternatively, there is no dispute that on November 30, 2012, Buckley met with Sullivan and told him that: (1) Defendants previously represented her in the underlying action; (2) the Mississippi Court of Appeals affirmed the trial court judgment on October 2, 2012; and (3) Ms. Citrin gave Buckley a copy of the Mississippi Court of Appeals opinion.   Sullivan's Aff. [41-2] at ¶ 5-9.   It is further undisputed that, in response to Buckley's meeting with Sullivan, Buckley retained Sullivan for a malpractice lawsuit at which point Sullivan wrote Defendants seeking information about their liability insurance.   *Id.* at ¶ 14; Sullivan Letter to Mr. Citrin [37-3].   Thus, no genuine dispute exists that Buckley discovered or should have discovered Defendants' negligence by November 30, 2012, at the latest.

Plaintiff contends that the statute of limitations did not run until the

Mississippi Court of Appeals denied rehearing on October 13, 2013 because "Buckley did not have notice of an injury, as no injury or damages occurred until such time." Pl.'s Memo. [42] at 19. Plaintiff further argues that because injury is an element of a malpractice claim, Buckley could not have discovered any malpractice prior to October 15, 2013. *Id.* at 23. Plaintiff hinges his argument on *Spann v. Diaz*, 987 So. 2d 443 (Miss. 2008). Pl.'s Mem. [42] at 20-21. However, a close inspection of *Spann* supports summary judgment in favor of Defendants.

  a.  <u>Plaintiff Misreads *Spann*</u>

In *Spann*, Timothy Spann died in the nursey at Methodist Medical Center on April 8, 1994. 987 So. 2d at 444. That same year, Timothy's mother, Patricia Spann, contacted attorney Arnold Dyre about filing a medical malpractice lawsuit. *Id.* Dyre sent a letter containing Timothy's medical records to attorney Gerald Diaz to explore the possibility of the two working together on the case. *Id.* at 444-45. Diaz received the letter and opened a file on the case. *Id.* at 445. Eventually the case was assigned to attorney Kenny Womack. *Id.* On April 18, 1996, in order to preserve Spann's claim, Womack filed a complaint asserting wrongful death and medical practice. *Id.* The complaint did not name Dr. Rawson, Timothy's treating neonatologist, as a defendant. *Id.* After receiving an expert opinion that Dr. Rawson was purportedly negligent, Womack filed an amended complaint on July 10, 1997, adding Dr. Rawson as a defendant. *Id.* In his answer, Dr. Rawson asserted that the statute of limitations had expired prior to him being added as a defendant. *Id.*

The jury returned a verdict in favor of Spann. *Id.* Dr. Rawson appealed the judgment to the Supreme Court of Mississippi, raising his statute of limitations defense. *Id.* On June 28, 2001, the supreme court reversed and rendered judgment in favor of Dr. Rawson on the grounds that the statute of limitations had expired. *Id.* Spann filed a Motion for Rehearing which was denied on May 23, 2002. *Id.*

On May 25, 2005, Spann contacted a new attorney, John Giddens, who informed Spann that Diaz was negligent in untimely adding Dr. Rawson as a defendant. *Id.* On May 26, 2005, Spann sued Diaz for legal malpractice. *Id.* at 445-46. Diaz moved for summary judgment and claimed that the statute of limitations barred the lawsuit. *Id.* at 446. The trial court granted Diaz's motion. *Id.* Spann appealed to the state supreme court on grounds that Diaz waived the statute of limitations defense and that the trial court erred by not tolling the statute of limitations based on fraudulent concealment. *Id.*

Spann argued that the statute of limitations did not begin running until May 25, 2005, when Giddens told Spann that Diaz was negligent because Diaz fraudulently concealed material facts from her which prevented her from discovering Diaz's negligent acts. *Id.* at 448-49. The supreme court found that "Spann had a known injury as of May 23, 2002, when the motion for rehearing in *Rawson* was denied." *Id.* at 449-50. The court rejected Spann's fraudulent concealment argument because the "Court's opinion and denial of a motion for rehearing are public record and Spann had all the information necessary to pursue

her claim without being directly told that Diaz was negligent[.]"  *Id.* at 450.

Plaintiff's reliance on *Spann* in this case is misplaced.  As Spann claimed that fraudulent concealment tolled the statute of limitations, the supreme court focused on the denial of rehearing because it was "public record."  Because it was public information, it was dispositive of Spann's claim that Diaz prevented Spann from discovering Diaz's negligence.  Nowhere did *Spann* require a final resolution or exhaustion of appellate remedies of the underlying case in order for a malpractice claim to accrue.  Furthermore, the supreme court concluded that its earlier decision in the *Rawson* opinion gave Spann all the necessary information to pursue her malpractice claim.  Here, Buckley had the necessary information to pursue her claim on November 1, 2012, when she received a copy of the court of appeals' opinion.

> b.  <u>Final Dismissal of an Underlying Action Is Not a Prerequisite for a Malpractice Claim to Accrue.</u>

Mississippi courts have rejected arguments that a malpractice claim does not accrue until final resolution of the underlying case.  In *Hymes v. McIlwain*, 856 So. 2d 416 (Miss. Ct. App. 2003), Hymes was convicted of felony charges in 1991 and sentenced to thirty-five years in prison.  *Id.* at 417.  In 1995, Hymes pursued post-conviction relief based on ineffective assistance of counsel.  *Id.*  Relief was granted and Hymes' conviction was vacated in 2000.  *Id.*  In 2001, Hymes filed a malpractice suit against the attorneys who defended him in the 1991 criminal trial. *Id.*  The trial court granted summary judgment on grounds that the three-year

statute of limitations barred the action. *Id.* at 418. On appeal, Hymes contended that his claims were not time barred because, under *Heck v. Humphrey*, 512 U.S. 477 (1994), the statute of limitations did not run until his conviction was vacated. 856 So. 2d at 418. In *Heck*, the United States Supreme Court held that a 42 U.S.C. § 1983 claim which, if successful, casts aspersions upon the legality of conviction or confinement is not cognizable until the conviction is voided. 512 U.S. at 486-87. The Mississippi Court of Appeals rejected Hymes' argument:

> Controlling authority in the present suit is not *Heck* but standard legal malpractice jurisprudence. The period of limitation in such a suit begins to run as of the date the client learns, or through reasonable diligence should have learned of his counsel's negligence. *Smith v. Sneed,* 638 So. 2d 1252, 1253 (Miss. 1994). This was the ground upon which the trial court found the suit untimely. Hymes was not required by the operative cause of action for professional malpractice to prove that the effects of his counsel's alleged negligence had been finally set aside. The limitation period was therefore not awaiting final resolution of the criminal matter before it would begin.

*Hymes*, 856 So. 2d at 419.

The statute of limitations therefore began to run at the very latest in 1995, when Hymes filed his petition for post-conviction relief, as it became apparent Hymes knew of his attorneys' deficient performance. *Id. See also Bradley*, 182 So. 3d at 441 (adopting the holding in *Hymes*).

Since the Mississippi Supreme Court adopted the discovery rule for legal malpractice actions in 1994, and as reaffirmed by the court in 2016, the statute of limitations begins to run when "the client learns or through the exercise of reasonable diligence should learn of the *negligence* of his lawyer." *Smith*, 638 So.

2d at 153 (emphasis added); *see also Bradley*, 182 So. 3d at 440-41. *Channel v. Loyacono*, 954 So. 2d 415 (Miss. 2007), is dispositive on this issue. In *Channel*, in February and March 2000, attorneys Loyacono and Verhine contracted with about fifty individuals to represent them against defendant AHP for alleged injuries caused by diet drugs. *Id.* at 418. In late November and early December 2000, Loyacono and Verhine began settlement discussions with AHP and obtained settlement offers. *Id.* The plaintiffs settled and received their funds on January 26, 2001. *Id.* at 419. The clients then filed an action on January 5, 2004, against Loyacono and Verhine for legal malpractice in connection with the settlement agreements. *Id.* The trial court dismissed these claims as barred by the statute of limitations. *Id.* at 420.

The supreme court analyzed the accrual of two specific plaintiffs' malpractice action and held that their claims were time-barred. *Id.* at 422-23. Plaintiffs Channel and Robinson "both testified that *before* signing their settlement agreements, they suspected Loyacono and Verhine of wrongdoing." *Id.* (emphasis added) (footnote omitted). Channel testified that she contacted another attorney who advised her not to sign the settlement agreement, and she told Loyacono that she did not trust him. *Id.* at 423. Robinson testified that "she felt that she was being misrepresented *before* she signed her settlement agreement as well." *Id.* (emphasis added). The supreme court concluded that the statute of limitations began to run at the time Channel and Robinson believed Loyacono and Verhine were guilty of wrongdoing. *Id.* at 423. Thus, the malpractice action accrued

14

before they signed their settlement offers, while the underlying litigation was still pending before the trial court.

Here, Plaintiff contends that prior to the appellate court's denial of rehearing, a malpractice action would have been premature because the court might have remanded the case.   Pl.'s Mem. [42] at 21.   This contention is not persuasive. "The would-be plaintiff need not have become absolutely certain that he had a cause of action; he need merely be on notice-or *should* be-that he should carefully investigate the materials that suggest that a cause of action probably or potentially exists."   *Spann*, 987 So. 2d at 450 (quoting *First Trust Nat'l Ass'n v. First Nat'l Bank of Commerce,* 220 F.3d 331, 336-37 (5th Cir. 2000)) (emphasis in original). The undisputed facts show that Buckley was on notice, or should have been, in November 2012 that a cause of action potentially existed when she retained Sullivan to represent her in a malpractice claim against Defendants.   There is not a genuine dispute of material fact that the statute of limitations began to run more than three years before Plaintiff filed the Complaint.

3.     Defendants Are Not Equitably Estopped From Raising the Statute of Limitations Defense

"Equitable estoppel is generally defined as the principle by which a party is precluded from denying any material fact, induced by his words or conduct upon which a person relied, whereby the person changed his position in such a way that injury would be suffered if such denial or contrary assertion was allowed."   *City of Tupelo, Mississippi v. McMillin*, 192 So. 3d 948, 956 (Miss. 2016) (citations and

quotation marks omitted). For the doctrine of equitable estoppel to apply to a statute of limitations, "the plaintiff must show by a preponderance of the evidence that (1) it was induced by the conduct of the defendant not to file its complaint sooner, (2) resulting in the plaintiff's claim being barred by the applicable limitations, and (3) the defendant knew or had reason to know that such consequences would follow." *Id.* (citation and quotation marks omitted).

"Equitable estoppel becomes a question for the trier of fact when there is evidence to support a finding that the plaintiff reasonably relied on the actions of the defendant to his detriment." *Id.* (citations and quotation marks omitted). "In order for a representation to be the basis of an estoppel it must amount to a representation of material facts as opposed to a representation made as to a matter of law." *Barnett v. Getty Oil Co.*, 266 So. 2d 581, 587 (Miss. 1972). Mississippi law holds that where "the parties were equally informed as to the essential facts or where the means of knowledge were equally open to them, the courts will not give effect to estoppel." *Id.*

Plaintiff's Memorandum alleges that Defendants' counsel "Hazard took the position that Buckley was duty bound to pursue the appellate process and mitigate her damages prior to filing suit against defendants." Pl.'s Mem. [42] at 27. Plaintiff further asserts that "[i]n reliance on defendants' representations, by and through counsel, Buckley in fact changed her position from pursuing a malpractice action against defendants, to again pursuing an appeal of the judgment of the Trial Court." *Id.* at 28. Viewing the record evidence and inferences in the light most

16

favorable to Plaintiff, Hazard did not represent to Sullivan that Buckley must pursue an appeal before commencing the malpractice suit. Hazard stated to Sullivan that Buckley and/or Sullivan must "timely file the Motion for Rehearing" and that Buckley "has a duty to mitigate damages" by "pursuing the appellate process." Hazard Letter to Sullivan [41-12]. Moreover, Plaintiff does not offer any evidence that Defendants knew or had reason to know that Plaintiff would file the malpractice suit after the statute of limitations expired.

Even assuming that Hazard represented to Sullivan that Buckley must appeal before filing her malpractice suit, that representation was made as to a matter of law, and thus cannot be the basis for equitable estoppel. Though Sullivan attests that he relied on Hazard's representations to postpone filing the malpractice suit, such reliance was unreasonable. Hazard corresponded regarding a legal issue with Sullivan, a licensed and practicing attorney, and not a layperson with no knowledge of the law. Lastly, both parties were equally informed as to the essential facts that form the basis of the malpractice lawsuit. On November 1, 2012, Buckley a received a copy of the October 2, 2012, Mississippi Court of Appeals opinion. On November 30, 2012, Buckley then informed Sullivan of the appellate court decision and that she received the opinion. This is insufficient to create a material question of fact on the issue of equitable estoppel.

Accordingly, Defendants' Motions [28][37] should be granted. Plaintiff's claims will be dismissed with prejudice.

### III.   CONCLUSION

For the foregoing reasons, the Court concludes that Defendants are entitled to summary judgment because Plaintiff has not shown that there is a genuine issue of material fact as to whether the applicable statute of limitations bars Plaintiff's claims.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendants Citrin Law Firm, P.C., Andrew Citrin, and Samuel McClurkin, IV's Motion [28] for Summary Judgment is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant Elizabeth Citrin's Motion [37] for Summary Judgment is **GRANTED**.

**IT IS**, **FURTHER**, **ORDERED AND ADJUDGED** that Plaintiff's claims in this case are **DISMISSED WITH PREJUDICE**.   All remaining pending Motions [63][65][67][70] are denied as moot.   A separate final judgment dismissing this civil action with prejudice will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 11th day of October, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE